UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAKEISHA HOLLOWAY,<br>Plaintiff,<br>v.<br>NEVADA DEPT. OF CORRECT., et al.,<br>Defendants. | Case No.: 2:26-cv-01905-CDS-NJK<br><br>**ORDER** |

On June 24, 2026, *pro se* plaintiff Lakeisha Holloway, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983. Docket No. 1-1. The Court notes a possible exhaustion issue. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and unexhausted claims cannot be brought in court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). The "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, if it later comes to light that the plaintiff failed to exhaust her administrative remedies on the claims raised in the complaint, the district court will dismiss the unexhausted claims from the case. *Id.* at 219-21 (holding that the district court may dismiss the unexhausted claims from the complaint but may proceed with the exhausted claims). The plaintiff must exhaust his or her claims before filing a lawsuit and cannot finish the exhaustion process during the case. *See McKinney v. Carey*, 311

F.3d 1198, 1199-1200 (9th Cir. 2002) (holding that the "district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but [was] in the process of doing so when a motion to dismiss [was] filed").

The events alleged in the complaint took place after Plaintiff's transfer to Florence McClure Women's Correctional Center on May 12, 2026. Plaintiff signed and dated the complaint on June 18, 2026, and the Court received the complaint on June 24, 2026. It is not clear whether Plaintiff could have exhausted her administrative remedies prior to filing her suit. Plaintiff is not required to affirmatively plead that she exhausted her administrative remedies, and the Court will not analyze the exhaustion issue at this time. However, the Court notes the issue for Plaintiff's benefit so that she can decide whether she wants to proceed with this case or pursue any available administrative remedies instead. If Plaintiff believes that she needs to finish exhausting her administrative remedies, she may choose to file a notice of voluntary dismissal without prejudice[1] by **August 14, 2026**. If Plaintiff chooses to proceed with this case, she may be required to pay the full $405 filing fee, which includes the $350 filing fee and $55 administrative fee, even if the Court later dismisses this case because Plaintiff did not exhaust her administrative remedies.

Accordingly, for the reasons stated above,

IT IS ORDERED that if Plaintiff believes that she needs to finish exhausting her administrative remedies, she may choose to file a notice of voluntary dismissal without prejudice by **August 14, 2026**.

IT IS SO ORDERED.

DATED: July 14, 2026.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

[1] A dismissal without prejudice means that a plaintiff does not give up the right to refile the case with the Court, under a new case number, when the plaintiff has exhausted his administrative remedies.